IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division


FILED
FEB 27 2012
CLERK, US DISTRICT COURT
NORFOLK, VA

**FRITZNEL PASTEUR,**

Petitioner,

v.   CRIMINAL ACTION NO. 2:07cr59

**UNITED STATES OF AMERICA,**

Respondent.

## *ORDER ON SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2)*

Before the Court is Petitioner's motion pursuant to 18 U.S.C. § 3582(c)(2) for reduction in term of imprisonment based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u). Section 3582(c) of Title 18 of the United States Code allows for a reduction of a defendant's sentence when that sentence was based upon a range that "has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. §3852(c)(2). Amendment 750 has increased the requisite quantity of crack cocaine necessary to receive a base offense level of 38. The amount has been raised from 4.5 kilograms or more of cocaine base to 8.4 kilograms or more of cocaine base.

The Court has considered the motion and the record, and the Court finds it inappropriate to adjust Petitioner's sentence. On May 16, 2007, Petitioner pled guilty to Count One of the Indictment. Count One charged Petitioner with Distribution and Possession with Intent to Distribute Cocaine Base and Cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). On September 6, 2007, the Court sentenced Petitioner to one hundred twenty (120) months

imprisonment on Count One. Petitioner was attributed with 147.8 grams of cocaine base and 277.6698 grams of cocaine. At sentencing, Petitioner had a base offense level of 34, a total offense level of 33, and a criminal history category of I. His guideline range of imprisonment was 135 to 168 months with a mandatory minimum of 120 months. Petitioner has filed two previous motions to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2), which this Court denied on August 20, 2008 and June 16, 2011 because Petitioner was sentenced to the statutory mandatory minimum at his original sentencing.

Pursuant to Amendment 750, Petitioner's base offense level becomes 28, his total offense level is now 27, and his criminal history category remains I. The guideline range is lowered to 70 to 87 months imprisonment; however, the mandatory minimum of 120 months is still applicable. Although Amendment 750 generally reduces the offense level and guideline range for a given quantity of cocaine base, the Court does not have discretion to reduce a sentence below the statutory mandatory minimum applicable at the time of Petitioner's sentencing. Thus, because the Petitioner received the mandatory minimum as his original sentence, Amendment 750 does not affect his period of incarceration.

Accordingly, it is ordered that Petitioner's Motion for Sentence Reduction under 18 U.S.C. § 3582(c) is **DENIED**.

The Clerk is **DIRECTED** to send a copy of this Order to the Petitioner, Counsel for Petitioner, the United States Attorney, the United States Probation Office, the Federal Bureau of Prisons and the United States Marshals Service.

**IT IS SO ORDERED.**

/s/
Raymond A. Jackson
United States District Judge

Norfolk, Virginia
February 27, 2012